IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAVID LOWE,

    Plaintiff,

v.                                   C.A. No.:   1:20-cv-174

CONNECT INVEST CORPORATION,
and TODD PARRIOTT,

    Defendants.
_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, DAVID LOWE (hereinafter "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, CONNECT INVEST CORPORATION, and TODD PARRIOTT (hereinafter "Defendants"), for breach of contract, and in support thereof respectfully states as follows:

## I.
## JURISDICTION

1.     This claim is properly before this Court pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000; Plaintiff is a citizen of the State of Texas; and Defendants are citizens of the State of Nevada.

## II.
## VENUE

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Texas.

## III.
## PARTIES

3. Plaintiff is an individual residing in Travis County, Texas.

4. Plaintiff worked for Defendants as a Contracted Consultant from June 1, 2018 until January 31, 2019; and as a full-time employee from February 1, 2019 until December 18, 2019.

5. Defendant, CONNECT INVESTMENT CORPORATION (f/k/a Yield Solution Corporation), is a corporation existing under the laws of the State of Nevada and maintains offices at Las Vegas, Nevada.

6. Defendant, TODD PARRIOTT, is an individual residing at Las Vegas, Nevada. Defendant, TODD PARRIOT, is Owner, Chairman, and CEO of Defendant, CONNECT INVESTMENT CORPORATION.

## IV.
## FACTS

7. On May 18, 2018, Plaintiff entered into a "Contract Consultant Engagement and Employment Agreement" ("the Contract") with Defendant,

CONNECT INVESTMENT CORPORATION (f/k/a "Yield Solution Corporation"), and Defendant, TODD PARRIOTT.

8. Per the Contract, Plaintiff agreed to work for Defendants as a Contracted Consultant from June 1, 2018 until December 31, 2018 ("Contracted Consulting Engagement Period"). Plaintiff further agreed that at the end of the Contracted Consulting Engagement Period, he would indefinitely work for Defendants as a full-time employee beginning January 1, 2019.

9. In exchange, per the Contract, Defendants agreed that if they involuntarily separated Plaintiff's employment after January 1, 2019, they would provide Plaintiff with one-year fixed salary as severance pay. Defendants further agreed to provide certain 401(k) and health benefits to Plaintiff beginning January 1, 2019.

10. Plaintiff and Defendants also agreed that Defendants would reimburse Plaintiff for certain business expenses he incurred throughout his employment.

11. Thereafter, Plaintiff fully performed all of his obligations under the Contract, and began working as a full-time employee of Defendants after the end of the Contracted Consulting Engagement Period on February 1, 2019.

12. On December 18, 2019, Defendants involuntarily separated Plaintiff's employment.

13. Defendants have not provided Plaintiff with the severance pay

promised under the Contract.

14. Defendants never provided Plaintiff with the 401(k) and health benefits promised under the Contract.

15. Defendants have not reimbursed portions of Plaintiff's relevant business expenses.

16. On December 18, 2019, Plaintiff presented his claims in writing to Defendants, with a follow up notice including a detailed invoice of these claims sent on January 7, 2020, and a final notice sent via registered mail on January 22, 2020.

17. Defendants did not tender the amount owed before the expiration of the 30th day thereafter.

## V.
## CAUSES OF ACTION

### Breach of Contract – Texas Common Law

18. The Contract between Plaintiff and Defendants was a valid and enforceable contract under substantive Texas law.

19. Plaintiff fully performed under the Contract.

20. Defendants breached the Contract by failing to provide Plaintiff with severance pay upon involuntarily separating his employment after the Contracted Consulted Engagement Period ended, and failing to provide Plaintiff with 401(k) and health benefits after January 1, 2019.

21. Defendants also breach their agreement with Plaintiff by failing to reimburse certain business expenses he incurred during his employment.

22. As a direct result of Defendants' breaches, Plaintiff has suffered actual and economic damages.

## VI.
## ATTORNEY'S FEES

23. Defendant CONNECT INVEST CORPORATION is a corporation within the meaning of TEX. CIV. PRAC. & REM. CODE § 38.001.

24. Defendant TODD PARRIOTT is an individual within the meaning of TEX. CIV. PRAC. & REM. CODE § 38.001.

25. Defendants' breach of contract required Plaintiff to retain the undersigned counsel to pursue his claims.

26. Although Plaintiff repeatedly presented his claim to Defendants, Defendants have not tendered the just amount owed before the expiration of the 30th day thereafter.

27. Accordingly, Plaintiff seeks all reasonable attorneys' fees in accordance with TEX. CIV. PRAC. & REM. CODE § 38.002.

## VI.
## JURY DEMAND

28. Plaintiff demands a trial by jury of all issues and facts in this case.

## **VI.**
## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

29. The Court assume jurisdiction of this cause and Defendants be cited to appear;

30. The Court award Plaintiff actual and economic damages as specified above;

31. The Court award Plaintiff his reasonable attorneys' fees;

32. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowable under law; and

33. The Court award Plaintiff any other relief as the Court may find proper, whether at law or in equity.

Dated: February 17, 2020.

Respectfully submitted,